*533 Saturday, May 21. The Judges delivered their opinions.
Judge Tucker
(after stating the case) proceeded as follows :
There is a very great similitude between this case and that of Ford v. Gardner and others. (1 Hen. and Munf. 72.) There, a bill was brought by the heirs and distributees, suggesting a fraud in obtaining the will, which (as in this case) had been admitted to probate in the District Court, after being rejected by the County Court. An issue was directed to try the validity of the will, and the verdict found it to be invalid : the Court being divided on a motion to certify that the weight of evidence was against the verdict, the motion was overruled. A motion was then made, on the Chancery side, for a new trial, and was overruled ; because the Justices of the Court, on the trial of the issue, were equally divided,, as to the weight of evidence. In the present case no division of opinion appears ; the majority, or, perhaps, the whole, of the Justices, concurring in refusing the ñervo trial prayed for. In that case, as in this, the written evidence in the record certainly preponderated in favour of the will. But it was said by the Court, “ It does not appear what evidence was given to the “jury, and as no exception was filed at the trial, all must “ be presumed to have been legal and right.”
This is decisive of the present question. A trial at common law must regularly be had upon testimony viva voce. The testimony of a witness, examined in that manner before a Court and Jury, may differ widely from what it appears upon the face of a written deposition ; and there may have been twenty witnesses examined on that occasion whose depositions do not appear in the record.
I therefore think the Chancellor erred in reversing the decree of the- County Court, and that we ought now to affirm it,
*534 Judge Roane.
If I could be satisfied with the Chancellor, in this case, that the evidence contained in the record was the only evidence exhibited to the Jury on the trial of the issue, I should be of opinion with him that the verdict ought not to be conclusive. But I hold myself obliged to infer the contrary ; not only (for I need lay no stress upon the clerk’s certificate upon the subject) because this is not shewn to the Court by the appellee’s counsel as it ought to have been, if he meant to avail himself of that ground in his motion for a new trial j but because it is the right and usual course in the trial of such issues to have recourse to viva voce testimony. So far from the answer and depositions in this case being properly inferred to be the only evidence exhibited on the trial of the issue, it ought rather to appear, on the other hand, that that testimony was actually made use of. In the case of Ford v. Gardner,(a) this Court seemed to think that an order of the Chancery Court was necessary to let in the reading of the depositions and exhibits filed in the cause, and that other evidence, (the original will for example,) although no part of the Chancery record, should be presumed to have been before the Jury, as no exception for the want of it was taken. In that case, it was rightly contended by the appellant’s counsel that “ it did not appear that the depositions transcribed into the record were all the evidence before the Jury.” I will say the same in this case ; and although on the face of this record the case seems rather strong for the will, I will not .depart from this ground. I will not form a precedent, which, in a case of merely a slight preponderance, would equally turn the scale, and intrench upon the province of the Jury who are the best judges of credibility. I will rather presume, especially as a motion for a new trial was made and overruled, that sufficient testimony was exhibited to justify the verdict, and that the testimony in favour of the will was outweighed.
It is said in the decree that the County Court erred in directing a distribution of the estate without having set *535 aside the will. It is true that this is not done totidem verbis : but the County Court adjudge the paper purporting to be the will, &c. not to be his will, and that it is invalid, and then go on to direct a distribution. I think in substance, this is a decree vacating the will, and that the decree of the Superior Court of Chancery should be set aside, and that of the County Court affirmed.
Judge Fleming.
There seem to be three points in this cause worthy of consideration: 1st. Whether, where a will has been admitted to record by a District Court, on an appeal from a County Court, in which the will had been re. jected, the Chancery side of the County Court can, take-cognizance of it,, on a suggestion of fraud, and direct an issue to try the fact — will or no will P If so, 2dly. Whether, if the whole evidence be not spread upon the record, it must not be presumed that, on such trial, all had been legal and right ? And 3dly. If no exception be taken, nor any ground of a motion for a new trial be stated in the record, an appellate Court of Chancery can with propriety, reverse the decree of the County Court, founded on the verdict, and direct another issue to try the same fact ?
With respect to the first point, had it not been for the decision in the case of Ford v. Gardner, in this Court, at the October term, 1806, I should have been of opinion that the County Court could not have taken cognizance of the subject, after a decision in the District Court ; because Courts of common law have a concurrent jurisdiction with Courts of Equity, to detect, suppress, relieve against, and punish fraud; and had there been any fraud practised by John Paul, jun. in procuring the will in. question, which was wholly written by the testator himself, redress might have been obtained by the appellants as well in a Court of Law, as in a Court of Equity: but by this mode of proceeding, they take a double chance ; first, in the Courts of Law, and then in a Court of Equity, where they have at length succeeded ; though it appears clearly to me, from the evi *536 dence spread on the record, that the testator was fully competent to make the will in question : but there might have been for any thing that appears to the contrary, viva voce, testimony before the Jury at the trial of the issue, which may have given a different complexion to the cause. And this brings me to the second point; and as it does not appear that the -whole evidence adduced at that trial is spread upon the record, we are to presume, according to the case of Ford v. Gardner, that all has been legal and right.
With respect to the third point ; as there is no ground of the motion for a new trial, stated in the record, nor any exception taken to the opinion of the Court, but a mere right of appeal exercised, which was allowed on the usual terms of giving bond to prosecute it with effect, it seems that the District Court erred, in considering the evidence exhibited to that Court, in the said record and proceedings, as the only evidence in the cause ; and in reversing the decree, and in ordering another issue to try the same fact. I therefore concur in opinion that the decree of the District Court be reversed ; and that of the County Court affirmed.
By the whole Court, (absent Judge Lyons,) the decree of the Superior Court of Chancery reversed, and that of the County Court affirmed.

 1 Hening & Munf. 72.